# O
NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BITH LLC, a California limited liability company,<br><br>          Plaintiff,<br><br>     v.<br><br>HENRIK SARDARIANI, an individual; et al.,<br><br>          Defendants.<br>_____ | Case No. CV 11-00844 DDP (MANx)<br><br>**ORDER GRANTING DEFENDANT FDIC'S MOTION TO DISMISS AND VACATING AS MOOT DEFENDANT FDIC'S MOTION TO STRIKE**<br><br>[Motions filed on March 3, 2011] |

   Defendant Federal Deposit Insurance Corporation ("FDIC") moves to dismiss Plaintiff Bith, LLC's ("Plaintiff"'s) Fourth Amended Complaint ("Fourth AC").  Having reviewed the parties papers, considered the arguments therein, and heard oral argument, the court GRANTS the FDIC's Motion to Dismiss with prejudice and VACATES the FDIC's Motion to Strike as moot.

**I.  Background**

   In June 2007, Plaintiff — a limited liability corporation — made a short-term loan to an individual by the name of Henrik Sardariani. (Fourth AC ¶ 13.)  Plaintiff loaned 2.5 million dollars in exchange for a 500 thousand dollar fee. (Id.)  The loan

was transferred using Axcess Escrow to an account with Downey Savings and Loan Association, F.A. ("Downey Savings"). (Fourth AC ¶ 20.) The funds were transferred from Downey Savings to a bank account in Hong Kong. (Id. ¶¶ 23-25.) Thereafter, Plaintiff requested that Downey Savings put a hold on the account or reverse the transaction out of the domestic account; however, Downey Savings did not recover Plaintiff's funds.

On October 23, 2007, Plaintiff filed an action against various defendants in Los Angeles Superior Court asserting fraud-based claims. On November 21, 2008, Downey Savings was closed by the office of Thrift Supervision and the FDIC was appointed as receiver. (Pl.'s Opp'n 3:7-10.) Subsequently, the FDIC authorized the sale of Downey Savings to U.S. Bank, memorialized in a written Purchase and Assumption Agreement (the "Agreement"). (Id.)

On November 19, 2010, Plaintiff filed a Fourth AC against the FDIC in its capacity as receiver for the Downey Savings and Loan Association and U.S. Bank, as Downey Savings' successor in interest. Plaintiff's Fourth AC asserts claims for fraud, negligent misrepresentation, violations of California Commercial Code § 11207 and negligence. On January 27, 2010, U.S. Bank removed the matter to federal court based on diversity jurisdiction. The FDIC now seeks to dismiss Plaintiff's Fourth AC.

**II.  Legal Standard**

A complaint will survive a motion to dismiss when it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A pleading that merely offers "labels

and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. <u>Id.</u> at 1949 (citations and internal quotation marks omitted). Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." <u>Twombly</u>, 550 U.S. at 555-56. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 129 S. Ct. at 1950.

**III. Discussion**

The FDIC argues that any claim that Plaintiff may have should be dismissed under principles of prudential mootness. Plaintiff counters with two arguments. First, Plaintiff states that the FDIC inappropriately relies on extrinsic evidence in support of its motion to dismiss; the "no value determination," is, according to Plaintiff, little more than the "FDIC's internal, unilateral and un-reviewed determination." (Pl.'s Opp'n 2:21-23, 3:4-8.) Second, Plaintiff argues that the "no value determination" is limited to "general unsecured claims," which does not apply here. Instead, Plaintiff avers, this case involves a claim by a depositor, and its claims are therefore not prudentially moot. (Pl.'s Opp'n 4:2-12.) The court disagrees, and therefore grants Defendant's Motion to Dismiss.

First, a party challenging subject matter jurisdiction can proffer evidence extrinsic to the complaint. <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d 1035, 1039 (9th Cir. 2004). When extrinsic evidence is submitted, the uncontroverted allegations in the complaint must be taken as true, and "conflicts between the facts

3

contained in the parties' affidavits must be resolved in [plaintiff's] favor . . . ." AT & T Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996). Accordingly, the court considers Defendant's Exhibit A, i.e. the Determination of Insufficient Assets to Satisfy Claims Against Financial Institution in Receivership, i.e., the FDIC's "no value determination."

Next, based on a review of the "no value determination" and Plaintiffs' failure to plead sufficient facts in support of a finding that Plaintiff was a depositor at the onset of FDIC's receivership, the court concludes that the dispute is prudentially moot. The Nasoordeen court discussed the doctrine of prudential mootness in considerable detail:

> Under the doctrine of prudential mootness, there are circumstances under which a controversy, not constitutionally moot, is so 'attenuated that considerations of prudence and comity for coordinate branches of government counsel the court to stay its hand, and to withhold relief it has the power to grant.'" Fletcher v. United States, 116 F.3d 1315, 1321 (10th Cir. 1997) (internal citation omitted). "Where it is so unlikely that the court's grant of [remedy] will actually relieve the injury, the doctrine of prudential mootness - a facet of equity - comes into play. This concept is concerned, not with the court's power under Article III to provide relief, but with the court's discretion in exercising that power." Penthouse International, Ltd. v. Meese, 939 F.2d 1011, 1019 (D.C. Cir. 1991).

Nasoordeen v. F.D.I.C, No. 08-5631, 2010 WL 1135888, at *6 (C.D. Cal. Mar. 17, 2010). Although the Ninth Circuit has never applied the doctrine, it has been adopted by the First, Third, Fourth, Fifth, Sixth, Eighth, Tenth, and D.C. Circuits, and courts within this circuit have consistently applied the doctrine. See id. at *6. The doctrine applies when "there are no set of circumstances

4

under which [plaintiffs] can recover any money or property as a result of [their] claims," such as when the amount realized from the liquidation of an insolvent bank's assets is insufficient to meet its liabilities. Id. at *8 (quoting First Ind. Fed. Sav. Bank v. F.D.I.C., 964 F.2d 503, 507 (5th Cir. 1992)).

It is undisputed that the general liabilities of a bank in receivership are entitled to a lower priority of payment than depositors:

> The National Depositor Preference Act ('NDPA') establishes that creditors of a failed bank are to be paid . . . in the following order of priority: 1) Class 1 claims consist of the receiver's administrative expenses, 12 U.S.C. § 1821(d)(11)(A) (i); 2) Class 2 claims are the failed institution's deposit liabilities, id. § 1821(d)(11)(A)(ii) . . .; and 3) Class 3 claims are general liabilities of the bank, id. § 1821(d)(11) (A)(iii). . . . In many cases, Class 1 and 2 claims exhaust the liquidation assets, leaving no funds to pay Class 3 claims. Adagio Investment Holding Ltd. v. F.D.I. C., 338 F. Supp. 2d 71, 74 n. 4 (D.D.C. 2004).

Nasoordeen, 2010 WL 1135888, at *4. Furthermore, it is undisputed that at the time that the FDIC took over receivership of Downey Savings, Plaintiffs did not have any funds in deposit with the bank. Accordingly, all of Plaintiff's claims are prudentially moot because the receivership of Downey Savings has insufficient funds to meet any general unsecured claims. (See Def.'s Motion, Ex. A.) Therefore, Plaintiff will not be able to recover any money, even if it prevails on its claims.

In sum, the court is unable to grant Plaintiff the remedy sought. To proceed would not be in the interest of judicial economy. Although the court empathizes with Plaintiff, who has lost a considerable sum, Plaintiff's claims with respect to the

5

FDIC, in that agency's capacity as receiver for Downey Savings, are prudentially moot, and must be dismissed. Because any proposed amendment would be futile, Plaintiff's complaint is dismissed with prejudice.

Finally, Defendant moves this court to strike Plaintiff's claims for punitive damages and attorney's fees on the grounds that punitive damages are not allowed against an agency of the United States and there is no basis to request attorney's fees. The court vacates Defendant's Motion to Strike as moot.

## IV. Conclusion

For the reasons stated above, the court GRANTS Defendant's Motion to Dismiss and VACATES as moot Defendant's Motion to Strike.

IT IS SO ORDERED.

Dated: April 19, 2011

DEAN D. PREGERSON
United States District Judge