O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BITH LLC, a California limited liability company, | ) Case No. CV 11-00844 DDP (MANx) ) |
| Plaintiff, | ) **ORDER GRANTING MOTION TO DISMISS** ) **WITH PREJUDICE** ) |
| v. | ) [Motion filed on February 3, ) 2011] |
| HENRIK SARDARIANI, an individual; et al., | ) ) |
| Defendants. | ) ) |
| _____ | ) |

    This matter comes before the court on Defendant U.S. Bancorp's ("U.S. Bank")'s Motion to Dismiss BITH, LLC's ("Plaintiff")'s Fourth Amended Complaint ("Fourth AC"). After reviewing the papers submitted by the parties, considering the arguments therein, and hearing oral arguments, the court GRANTS the motion.

    On November 21, 2008, Downey Savings and Loan Association, F.A. ("Downey Savings") was closed by the office of Thrift Supervision and the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver. Thereafter, the FDIC authorized the sale of Downey Savings to U.S. Bank. That sale was memorialized in a written Purchase and Assumption Agreement (the "Agreement").

 1      Now, U.S. Bank moves this court to dismiss Plaintiff's Fourth
 2 AC because, according to U.S. Bank, Plaintiff has based its claim
 3 on an incorrect allegation, namely that U.S. Bank is the successor
 4 in interest to Downey Savings, and thereby the proper defendant for
 5 Plaintiff's claims.  (U.S. Bank's Motion 5:18-24.) Instead, U.S.
 6 Bank argues that any claims Plaintiff had against Downey Savings
 7 must now be pursued against, and were retained by, the FDIC.
 8      U.S. Bank would have this court take judicial notice of the
 9 terms, and related liabilities assumed, whereby U.S. Bank acquired
10 the Downey Savings' assets.  Specifically, U.S. Bank notes that in
11 Article II, section 2.1(m)(ii) of the Purchase Agreement provides
12 for the assumption of:

>    all <u>asset related</u> defensive litigation
>    liabilities, but only to the extent such
>    liabilities are covered by any loss share
>    agreement; but excluding all other defensive
>    litigation liabilities which shall be retained
>    by the receiver.

(RJN 1, Art. II, § 2.1(m)(ii) (emphasis added).)  Accordingly, U.S.
Bank maintains that Plaintiff has not pled that Downey Savings was
covered by any loss share agreement and, therefore, the FDIC, as
receiver of Downey Savings, has retained any defensive litigation
in this matter.  The court agrees.

     A court "ruling on a motion to dismiss may consider documents
'whose contents are alleged in a complaint and whose authenticity
no party questions, but which are not physically attached to the
[plaintiff's] pleading.'" <u>Parrino v. FHP, Inc.</u>, 146 F.3d 699, 706
(9th Cir. 1998), <u>superseded by statute on other grounds</u>; <u>see also</u>
<u>Laborers' Pension Fund v. Blackmore Sewer Constr.</u>, 289 F.3d 600,
607 (7th Cir. 2002) (taking judicial notice of information from the

FDIC's website). The court, therefore, proceeds to consider the terms of the Agreement.

Under the Agreement, U.S. Bank assumed liability only for asset related defensive litigation liabilities and not for any other litigation liabilities. A claim for fraud against a Downey Savings employee is not an assumable asset and Plaintiff's Fourth AC contains no allegations that any asset related to its claims transferred from the FDIC-Receiver to U.S. Bank. Therefore, the court concludes that Plaintiff's has not plead that its claims are "asset related," and, therefore, any liabilities related to the Downey Savings were retained by the FDIC-Receiver.

Because U.S. Bank is not a proper defendant to this action, and because any proposed amendment would be futile, the court GRANTS U.S. Bank's Motion to Dismiss with prejudice.

**IV. Conclusion**

For the reasons set forth above, the court GRANTS U.S. Bank's Motion to Dismiss with prejudice.

IT IS SO ORDERED.

Dated: April 20, 2011

DEAN D. PREGERSON
United States District Judge